Opinion issued September 25, 2008
 





    







In The
Court of Appeals
For The
First District of Texas
____________

NO. 01-07-00932-CR
____________

DARRELL DWIGHT SINGLETON, Appellant

V.

THE STATE OF TEXAS, Appellee




On Appeal from the 405th District Court
Galveston County, Texas
Trial Court Cause No. 05CR0194



 
MEMORANDUM OPINION

          The underlying conviction of appellant, Darrell Dwight Singleton, was for the
state-jail felony offense of possession of a controlled substance. See Tex. Health
& Safety Code Ann. § 481.115(a), (b) (Vernon 2007). The trial court assessed
punishment at two years in state jail, suspended for a period of five years of
community supervision. The State later moved to revoke appellant’s community
supervision. Appellant pleaded not true to the allegations in the motion to revoke. 
After having found true two grounds in the motion to revoke, the trial court assessed
appellant’s punishment at two years in state jail.
          Appellant’s appellate counsel has submitted a brief stating that, in his
professional opinion, the appeal is without merit and there are no arguable grounds
for reversal on appeal. See Anders v. California, 386 U.S. 738, 744, 87 S. Ct. 1396,
1400 (1967). Appellant has filed a pro se response. We affirm.
Procedure
           The brief submitted by appellant’s court-appointed counsel states his
professional opinion that there are no arguable grounds for reversal on appeal and
that any appeal would, therefore, lack merit. See Anders, 386 U.S. at 744, 87 S. Ct.
at 1400. Counsel’s brief meets the minimum Anders requirements by presenting a
professional evaluation of the record and stating why there are no arguable grounds
for reversal on appeal. See Gainous v. State, 436 S.W.2d 137, 138 (Tex. Crim. App.
1969). Appellant’s counsel has advised the Court that he sent a copy of the Anders
brief to appellant and notified appellant of his right to review the record and to file
a pro se response. Counsel had also requested permission to withdraw from
representing appellant on appeal. Appellant has filed a pro se response to his
counsel’s Anders brief.
          Upon receipt of an Anders brief from an appellant’s court-appointed attorney
who asserts that no arguable grounds for reversal on appeal exist, we must determine
that issue independently by conducting our own review of the entire record. See
Anders, 386 U.S. at 744, 87 S. Ct. at 1400 (emphasizing that reviewing court—and
not appointed counsel—determines, after full examination of proceedings, whether
case is “wholly frivolous”); Stafford v. State, 813 S.W.2d 503, 509 (Tex. Crim. App.
1991) (quoting Anders for this rule). In conducting our review, we consider any pro
se response that the appellant files to his appointed counsel’s Anders brief. See
Bledsoe v. State, 178 S.W.3d 824, 826–28 (Tex. Crim. App. 2005).
          Our role in this Anders appeal, which includes a pro se response by appellant,
is limited to determining whether arguable grounds for appeal exist. See id. at
826–27. If we determine that arguable grounds for appeal exist, we must abate the
appeal and remand the case to the trial court to allow the court-appointed attorney to
withdraw. See id. at 827. The trial court must then either appoint another attorney
to present all arguable grounds for appeal or, if the defendant wishes, must allow the
defendant to proceed pro se in the appellate court. See id. We do not rule on the
ultimate merits of the issues raised by the appellant in his pro se response. Id. 
Rather, if we determine that there are arguable grounds for appeal, the appellant is
entitled to have new counsel appointed to address the merits of the issues raised. Id. 
“Only after the issues have been briefed by new counsel may [we] address the merits
of the issues raised.” Id.
          If, on the other hand, we determine from our independent review of the entire
record that the appeal is wholly frivolous, we may affirm the trial court’s judgment
by issuing an opinion in which we explain that we have reviewed the record and have
found no reversible error. See id. at 826–27, 828. The holding that there are no
arguable grounds for appeal is subject to challenge through a petition for
discretionary review filed in the Court of Criminal Appeals. Id. at 827 & n.6.
          In accordance with Anders, 386 U.S. at 744–45, 87 S. Ct. at 1400, and Bledsoe,
178 S.W.3d at 826–28, we have reviewed the entire record, appellant’s appointed
counsel’s Anders brief, and appellant’s pro se response to that brief, and we conclude
that no arguable grounds for reversal exist.
Conclusion
          We affirm the judgment of the trial court and grant appointed counsel’s motion
to withdraw.

 
Tim Taft
Justice

Panel consists of Justices Taft, Keyes, and Alcala.

Do not publish. See Tex. R. App. P. 47.2(b).